### BOWEN *against* HUTCHINS.

A writ of replevin to obtain the restoration of goods attached, in favour of a claimant who was not a party to the attachment, must be brought against the attaching creditor, and cannot be sustained against the officer who served the attachment.

If the attaching creditor, in such case, resides in another state, the process in replevin may be served upon the goods attached, which will give jurisdiction to the court; and then the attaching creditor may be made a party in the same manner as though his property had been attached in this state.

THIS was an action of replevin, brought to recover certain property, claimed as the property of the plaintiff, which had been attached, by the defendant, as deputy of the sheriff of the county of *Windham*, by virtue of a writ in favour of *Benjamin B. Knight* and *Lorenzo E. Brown* of *Providence*, in the state of *Rhode-Island*, against *Eli B. Gleason.*

The suit was brought to the superior court for the county of *Windham*, at the *October* term 1846, when the defendant, among other matters, pleaded in abatement, that the attaching creditors should have been made the defendants in the suit, instead of the officer who made service of the writ of attachment.

To this plea the plaintiff demurred ;—and the question of law was reserved for the advice of this court.

*Larned*, in support of the demurrer, contended, That the suit was properly brought against the officer who took the property, and then held it in his custody. In the first place, it is not necessary, under the statute, to make the plaintiff in the attaching suit a party to this action, or to give him notice of its pendency. Secondly, the object of the statute would be entirely defeated, in all cases where the attaching creditor lives out of the state, if he only can be made defendant in the replevin suit ; and it is not to be admitted, that the legislature have enacted an utter absurdity where they obviously intended a substantial remedy. It is not usual for the courts in *Connecticut* to disregard the plain and literal reading of a statute, for the purpose of defeating its great object and its manifest intent. *Stat*. 504,5. *tit*. 84. *s*. 8.

*Strong* and *T. E. Graves*, contra, insisted, That an action of replevin, by a person not a party to the attachment, must be brought against the attaching creditor, and cannot be sustained against the officer alone. In the first place, previous to the revision of 1821, such an action could not be sustained. Our present statute was then formed ; and it is not to be extended beyond its plain provisions. *Watson* v. *Watson*, 9 *Conn. R.* 140. *Brown* v. *Chicopee Falls Company*, 16 *Conn. R.* 87. 90. *Ladd* v. *Prentice* & al. 14 *Conn. R.* 109. *Fleet* v. *Lockwood*, 17 *Conn. R.* 233. 239. Secondly, the 8th section of the present statute authorizes the plaintiff in the writ of replevin to " cite the party who attached the goods," &c.—clearly implying, that he, and he alone, is to be made party defendant. Thirdly, the fact that in this case the attaching creditor lives out of the state, makes no difference ; for the property attached is *within* the state ; and *that* is sufficient to give jurisdiction to our courts. Notice can then be given to the attaching creditor, as in other cases of proceedings *in rem*, where the party to be affected thereby, lives out of the state.

WAITE, J. The only question arising in this case, is, whether the action of replevin should have been brought against the attaching creditors, instead of the officer who served the process in the original suit.

It has often been said, that this proceeding, which authori-

zes a person claiming property attached in suit between other parties, to replevy that property, is unknown to our common law, and is entirely given by a recent statute. The mode of proceeding, therefore, must depend upon the construction given to that act of the legislature. *Brown* v. *Chicopee Falls Company*, 16 *Conn. R.* 90. *Fleet* v. *Lockwood*, 17 *Conn. R.* 239. *Ladd* v. *Prentice*, 14 *Conn. R.* 114.

When the defendant in a suit, whose property has been attached, is desirous of regaining possession of his property, he is permitted to do it, by merely substituting his bond, with sufficient surety, in the place of the property so attached. The writ of replevin, in such case, is but the instrument for restoring to him the possession of his property, and substituting the one security for the other. The attachment furnishes no ground of action against the attaching creditor ; and consequently, no further proceedings are required under the writ of replevin.

But where a person not a party to the suit replevies property attached, his object is, not only to regain possession of his property, but to establish his title to it, and recover damages for the unlawful taking. The statute therefore provides, " that the plaintiff in such writ of replevin, may cite the party who attached the goods, to appear before a proper court, to answer to a charge for unlawfully taking the same.

Upon referring to the statute, we shall find a distinction kept up, between the party attaching, and the officer who serves the process. Thus, the condition of the bond is, to return the goods to the officer attaching the same, if the plaintiff fail to make his plea good. So if the plaintiff fail to make out a title, the judgment is, that he return the goods to the officer, and pay the debt or damages, and costs, recovered in the action, on which they were attached.

The reason for such return is obvious. The goods, when attached, are taken by the officer in custody of the law. And if they were rightfully attached, they ought to be restored to that custody, that they may be disposed of, as the law directs. But the officer has no interest in the property. To him it is perfectly immaterial whether it belongs to the plaintiff in the original suit, or the plaintiff in the action of replevin. He has but to discharge his duty as a public officer. There is, there-

fore, no propriety in making him a party to the replevin suit, or requiring him to take upon himself the defence.

But the party who causes the attachment to be made, has an interest in the title to the property. For if it belongs to the defendant in the suit in which it is attached, it may be applied in satisfaction of the judgment that he may recover. But if it should be found to belong to the party replevying, the lien acquired by the attachment is dissolved and gone. By making the attaching creditor, therefore, the defendant in the replevin suit, those who are interested in that suit are the parties litigant.

But it is said, he may not have authorized the attachment of the goods in controversy. If so, he can plead *non cepit*, and upon establishing his plea, exonerate himself from all liability, on account of the attachment. A judgment to that effect will also discharge the plaintiff from the obligation created by his bond. On the other hand, if he avow the taking, the parties are at issue upon the question of title—the determination of which, will settle their respective rights to the property.

Again, it is said, that the attaching creditors in this case, are residents without this state, and cannot legally be served with process, and consequently, there is a necessity for making the officer a party. But this circumstance cannot vary the principle.

The great object of the replevin suit is, to restore to the plaintiff the property that has been attached ; and as that is within reach of civil process, there is no difficulty in accomplishing that object. The attaching creditors can then be made parties, in the same manner as if any other suit had been commenced against them, and their property within this state attached. Such attachment will give our courts jurisdiction, at least so far as that property is concerned, although the defendant in the suit does not reside within the state. In like manner, the replevying of property will give our courts jurisdiction, although the party attaching resides in another state.

Whether such party, upon coming in to defend, ought not to be required to give security for the plaintiff's costs, in case he fail in his defence, is a consideration proper to be submitted to the legislature, rather than the court.

But further, if we look at the form of the replevin bond, and

*Windham,*
July, 1847.

Bowen
*v.*
Hutchins.

the bond for prosecution, required to be given in a replevin suit, as prescribed by statute, we shall find, that they are given to the party attaching, and not to the officer—plainly implying, that, in the contemplation of the legislature, the former is considered as the party to the suit. It is true, a party is not in all cases bound to follow these forms, as given, but may vary them according to the exigencies of the case. But still, there would be a manifest impropriety in prescribing the form of a bond for costs in a civil suit to be given to a person in no way connected with the suit as a party.

The fair inference, therefore, to be drawn from the provisions of our statute, is, that the party attaching is to be made the party defendant, in an action of replevin. And this mode of proceeding is in accordance with reason and propriety. And if we look at the cases upon this subject to be found in our own reports, we shall find, that the practice has generally been in conformity with the views, which we have here expressed—although it has not been entirely uniform.

We regret exceedingly the necessity of turning a party round upon a mere technical objection of this character, especially when he is seeking redress, under a recent statute, which has never before received a judicial construction, nor a practical one, entirely uniform. But we feel constrained to do it, or sanction a proceeding which we do not think warranted by law, or in accordance with the correct administration of justice.

Our advice, therefore, is, that the defendant's plea in abatement must be adjudged sufficient.

In this opinion the other Judges concurred.

Plea in abatement sufficient.