*Fairfield,*
August, 1850.

Bell & ux.
*v.*
Raymond.

---

## HATHAWAY *against* ST. JOHN and another.

*A,* being the owner of bank stock, transferred it to *B,* in trust for her. She afterwards married *C.* The bank stock was sold, at her request, and the avails laid out in real estate; which, through the agency of *B,* was first mortgaged, and then sold, to secure and pay for a pair of horses and carriage, which were bought for, and went into the possession of *A.* These transactions were *bona fide.* The property being afterwards in the possession of *C,* it was attached by *D,* as *C's* property. In an action of replevin and trespass, brought by *B,* as trustee of *A,* against *D,* and *E,* the officer who served the attachment, it was held, 1. that when the land was sold, and the horses and carriage purchased, *A* had in equity full capacity to act as a *feme sole* in relation to that property, and to direct the sale of the former, and the purchase of the latter ; 2. that the temporary possession of *C,* at the time the property was attached, did not essentially vary the right of *A,* or of *B,* her trustee ; 3. that whether the power under which *C* acted was sufficient to authorize his acts, or not, yet as *B* received the property, or permitted *A* to receive it, and, when taken away by *D,* sued him to recover it, this was a ratification of *C's* agency ; but 4. that no judgment could be rendered, on the writ of replevin, against *E.*

*New-Haven,*
July, 1850.

Hathaway
*v.*
St. John.

THIS was an writ of replevin, in connexion with an action of trespass, brought by *Henry D. Hathaway*, as trustee of *Julia M. Clark*, against *Charles St. John* and *Henry A. Burr*, to obtain the possession of a pair of horses, carriage and harness, then in the possession of *Reuben H. Way*, a deputy sheriff, which he had taken, in *August* 1848, by virtue of an attachment in favour of said *St. John* and *Burr* against *Remick K. Clark.* The defendants avowed the taking of the chattels, alleging that they were the property of said *Remick K. Clark*, and not the property of the plaintiff, as trustee of *Julia M. Clark.* This was traversed, by the plaintiff; on which issue was joined.

The cause was tried at *New-Haven, October* term, 1849.

On the trial, the plaintiff claimed to have proved title to the chattels in question, by purchase from *Lucius Hart;* that the purchase was made in the city of *New-York*, on the 9th of *May* 1848, by *Remick K. Clark*, as the plaintiff's attorney, duly authorized, by a power of attorney, which was produced; that by virtue of the same power, *R. K. Clark* executed, in the plaintiff's name, a bond to *Hart*, for the payment of said chattels, and also a mortgage deed, to secure the payment of such bond; and that some time after the execution of the mortgage, the mortgaged premises were sold and conveyed, and a part of the purchase money applied, by the concurrence of all concerned, to cancel the bond given for the property in question. It appeared, that the estate described in said mortgage deed, was a part of the property held in trust by the plaintiff, which had been purchased by him, with the proceeds of certain bank stock owned by said *Julia M.*, prior to her marriage, and by her transferred to the plaintiff in trust for her. It also appeared, that the chattels in question were in the possession and use of Mrs. *Clark*, at *Suffield, Conn.*, where she then resided, after they were purchased, and before they were attached.

The defendants claimed to have proved, that the articles in dispute, at the time of the attachment and replevy thereof, were the property of *R. K. Clark;* and that they never had been the property either of said *Hart* or the plaintiff. They claimed to have proved the time, manner, and person of whom the purchase had been made, by *R. K. Clark.*

The plaintiff denied the claims of the defendants, and intro- *New-Haven,* duced evidence to establish his own claims in opposition to July, 1850. theirs.

Upon these conflicting claims, the court instructed the jury, *Hathaway v. St. John.* that the plaintiff, in order to recover, must satisfy them of the truth of the facts and claims set up by him, and that those of the defendants were not true ; and that the transactions of *Hart* and of *Clark*, as claimed by the plaintiff, in buying and selling the property in question, and the payment of said bond, and all the other matters, were not merely true in form, but true in fact, and *bona fide*, and not a cover to secure said property for said *Clark*, from his creditors ; and if there was indeed fraud in the transaction, the plaintiff could not recover.

And the court said to them, that in deciding upon the true character of the transactions, they might and should look at the possession and acts of ownership of *Clark*, if any, and every other circumstance in evidence bearing on the question, in order to judge what the transactions were, and whether real and *bona fide*, or fictitious and fraudulent. That possession and use of personal property was, *prima facie*, evidence of title ; and that, in the case of personal property sold, the general rule of law was, that possession retained by the vendor would render the sale void as to creditors *per se ;* but the court did not say to the jury, that the last mentioned rule of law was applicable to a case like this, except as herein stated.

And further, if the transactions of said *Hart* and said *Clark* were true and *bona fide*, as claimed by the plaintiff; still, if after this, the plaintiff and said *Julia M.* suffered said *Clark* to act and represent said property as his own, and not as held by virtue of his power of attorney, for the benefit of said *Julia M.*, so as that persons might and did give credit to said *Clark*, through this deceit or neglect ; then in that case, the plaintiff can not, as against such persons, claim the property, but is estopped.

The court further instructed the jury, that said power of attorney given by the plaintiff to said *Clark*, constituted him his true representative for the purpose therein named, and enabled him to act as fully as he himself could act, in buying, securing and paying for, the property in question, out of the

avails of the trust property; and that the exact mode of se-curing the payment, whether by bond or otherwise, if only payment was made *bona fide,* under said power, was not material in this case.

The jury returned a verdict for the plaintiff, for 3 dollars, 73 cents damages; and the defendants moved for a new trial, for a misdirection. *Way,* one of the defendants, also moved in arrest of judgment, alleging, that the declaration was insufficient for any judgment thereon to be rendered against him. These motions were reserved for the advice of this court.

*Ingersoll* and *Blackman,* in support of the motions, contended, 1. That the power of attorney under which *R. K. Clark* claimed the right to purchase the property in question, relating, as it did, to real estate only, did not authorize the purchase of a pair of horses, a carriage and harness. An agent for a particular purpose, and under a limited power, cannot bind his principal, if he exceeds that power. 2 *Kent's Com.* 620. & seq. *Sto. Agency,* 88. *Seymour* v. *Bull,* 3 *Day* 388. *Rossiter* v. *Rossiter,* 8 *Wend.* 494. *Illinois* v. *Delafield,* 8 *Paige,* 527. S. C. on app. 26 *Wend.* 192. *Webber* v. *Williams College,* 23 *Pick.* 302. *Ives* v. *Davenport,* 3 *Hill,* 374.

2. That no question of ratification or acquiescence of the principal in the acts of *R. K. Clark,* was submitted to the jury; nor does any such arise on the motion.

3. That no judgment could, in any event, be rendered against *Way,* the deputy-sheriff, who is made a defendant. *Bowen* v. *Hutchins,* 18 *Conn. R.* 550.

*Kimberly* and *J. S. Beach,* contra, after remarking, that there was no room for the application of the rule that the retention of possession by the vendor, is fraudulent, because the jury have found, that *E. K. Clark* never was the vendor either of *Hart* or of the plaintiff, contended, 1. That the plaintiff could sustain this action, irrespective of the power of attorney. For, in the first place, the possession of personal property is, *prima facie,* evidence of property. 1 *Greenl. Ev.* 34. *Robertson* & al. v. *French,* 4 *East,* 130. 136, 7. 3 *N. Hamp.* 484. Secondly, a portion of the trust estate vested in this personal property; and the trustee can follow it, and claim

it. 2 *Sto. Eq.* § 210. *Taylor* v. *Plumer*, 3 *Mau. & Selw.* 562.
*Oliver* v. *Pratt*, 3 *Howard*, 401. *Ryall* v. *Ryall*, 1 *Atk.* 59.
*Sto. Agency,* § 229.

2. That the power of attorney authorized *Clark*, the agent, to make this purchase.

3. That if the agent exceeded the authority contained in the power, it is no ground for a new trial. In the first place, this is not the case of a principal defending against excess of authority by his agent; but of a principal claiming the benefit of the acts of his agent; and this he may always do. *Sto. Ag.* § 244. 248. But secondly, the act of the agent in making the purchase, has been ratified, by the plaintiff, by taking the property into his possession and use, and by bringing this suit. 2 *Greenl. Ev.* § 66. *Smith* v. *Hodson*, 4 *Term R.* 211. 216, 17. *Peters* v. *Ballistier*, 3 *Pick.* 495. *Herring* v. *Polley*, 8 *Mass. R.* 113. *Foster* v. *Essex Bank*, 16 *Mass. R.* 272. *West-Boylston Manuf. Co.* v. *Searle*, 15 *Pick.* 225. *Duncan* v. *Meikleham*, 3 *Car. & Pa.* 172. (14 *E. C. L.* 257.) *Ferguson* & al. v. *Carrington*, 9 *B. & Cres.* 59. (17 *E. C. L.* 330.) *Sto. Ag.* § 259. Thirdly, the principal may always follow his own funds, which have been, by the unauthorized act of his agent, converted into other property, wherever he can find it, and as far as it can be traced. *Sto. Ag.* 229. *Taylor* v. *Plumer*, 3 *Mau. & Selw.* 562. *Thompson* v. *Perkins*, 3 *Mason* 232.

4. That judgment against *Way*, the officer, ought not to be arrested. He should have pleaded in abatement. Having avowed the taking, and failing in his justification, he may well be subjected for the trespass.

ELLSWORTH, J. Upon the merits of this case, the defendants have chiefly urged the insufficiency of the power of attorney given by the plaintiff to *Remick K. Clark*. They insist, that if this is insufficient, no title passed to the plaintiff, by the sale of *Hart*. We do not think that the sufficiency of this power of attorney is necessarily involved in our decision.

The defendants claim, as the creditors of *Clark*. We are satisfied, that *Clark* never had any title in himself, and, of course, they did not acquire any from him. It is true, they may require the plaintiff to show his title, though they had

none themselves; and this, we think, is fully done, certainly as to them.

It appears, that the property in question, all of it, is the avails of certain bank stock, once the property of Mrs. *Clark*, and by her transferred, before her marriage, to the plaintiff, her trustee. This stock was sold, at her request, and vested in real estate in *Brooklyn*. This again was first mortgaged, and then sold, to secure and pay for the property in controversy. These transactions were all *bona fide ;* and all parties supposed the power of attorney was legal and sufficient. It appears, that when the land was sold and conveyed, Mr. *Hart* was paid out of the purchase money, by general agreement ; and, as this was her proper estate, and held exclusively for her benefit, she could direct as to the application of the money. She had, in equity, full capacity to act as a feme sole over the property.

It further appears, that Mrs. *Clark* and her trustee, received into their possession, and for a considerable time enjoyed, the property, in *Suffield*, until it was attached by the defendants ; and although, on that day, it was in the possession of Mr. *Clark*, in *Meriden*, this does not essentially vary the effect of their possessory right.

Upon these facts, it is difficult to perceive how the defendants can question the right of the plaintiff. Mrs. *Clark* purchased and received the property, with the consent and approbation of her trustee. It is true, Mr. *Clark* was the agent, or supposed agent. The power of attorney was *intended* to be sufficient, and it was *bona fide.* Why should these creditors object? If the trustee had not, in the first instance, a good title, he has ratified the purchase, by receiving the property, or permitting Mrs. *Clark* to receive it ; and he is now demanding it, and endeavouring to recover it. What can be a more complete ratification, if necessary, of the agency of *Clark?* Besides, if it were necessary, the law would imply such assent, rather than that Mrs. *Clark* should suffer the loss of her own property. The plaintiff was created trustee for the very purpose of protecting her title ; and his name may, with the highest propriety, be used for that purpose. We do not cite authorities to these familiar principles.

The motion in arrest, we hold to be sufficient, so far as it

respects *Way*, the officer.   In *Bowen* v. *Hutchins*, 18 *Conn. R.* 550. it was decided, that an officer serving process, cannot be sued in the action of replevin.   Nor is it true, that by pleading to the merits, the objection is waived.   The objection appears on the very face of the writ; he *cannot* be subjected ; and a waiver always proceeds upon the idea that there is substantially enough to give a cause of action.

*New-Haven,*<br>July, 1850.<br>―――<br>Hathaway<br>*v.*<br>St. John.

But as the objection is apparent, the defendant should have demurred, and not put the plaintiff to the expense of a trial on the merits.   He is entitled to judgment, but can have no costs.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.