45   157
66   548
45   157
68    9

## THOMAS McDONALD *vs.* SANFORD H. HOLMES.

Replevin can not be maintained against an officer for property attached by him.
  It should be brought against the attaching creditor.

REPLEVIN for property attached; brought to the City Court of the city of New Haven, and tried to the court on the general issue and a special plea in bar, before *Peck, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is sufficiently stated in the opinion.

*M. W. Seymour* and *A. B. Beers*, for the plaintiff in error.

*C. T. Driscoll*, for the defendant in error.

CARPENTER, J.   This is an action of replevin.   The defendant is a constable of the town of New Haven, and attached and held the property only by virtue of a writ of attachment against Edward McDonald.   The plea in bar sets up this fact as a defense.   The court below held that it was not a defense and rendered judgment for the plaintiff.   The case comes before this court by a motion in error.

The only question we need to consider is, whether an action of replevin can be maintained against an officer for property attached by him.

We think it cannot.   The action of replevin is regulated wholly by statute.   Previous to the last revision it was well settled that this action could not be maintained against an officer.   *Bowen* v. *Hutchins*, 18 Conn., 550; *Hathaway* v. *St. John*, 20 Conn., 343.   The reasons given for those decisions are applicable under our present statute.   The statute now authorizes an action of replevin in favor of any party to recover goods and chattels "which are wrongfully detained from him in any manner."   Gen. Statutes, p. 484, sec. 1. There is nothing in this section expressly authorizing a suit against an officer.   As the law previously stood replevin could be maintained in three classes of cases—for cattle impounded, property attached, and property otherwise unlawfully detained; and the law authorizing it was found in three distinct sections.   In the revision these three sections are in one, embracing all cases.   We see in this no intention to change the law so as to allow replevin against parties not before liable.   On the contrary the language of the act is fully satisfied by limiting the plaintiff to an action against the attaching creditor as before.

The plaintiff attempts to draw an argument from the language of the forms prescribed by statute.   The argument from this source is not very forcible.   It was not designed that the forms given should be literally followed.   The language of the statute is that the writ and declaration, the affidavit, and the recognizance, "may be in the form following."

The intention manifestly was that the form might be varied and adapted to the circumstances of each particular case. If we consider the attaching creditor as the real wrong-doer, and the officer as merely his agent or servant, there is no difficulty in adapting the language of the forms to a suit against the attaching creditor alone. That would be a substantial compliance with the statute, and that is all that is required.

The judgment is erroneous and must be reversed.

In this opinion the other judges concurred.