## MORRIMAC VENEER CO. *v.* McCALIP.

[92 South 817, No. 22381.]

1. CONSTITUTIONAL LAW. *Venue. State may provide different rules between citizens and corporations as to change of venue where not affecting any material liability without violating the federal Constitution.*

   Chapter 149, Laws 1918 (Hemingway's Supp. 1921, § 486), providing for a change of venue to a resident citizen who is sued out of the county of his household and residence, and denying such a change to a corporation, does not violate the Fourteenth Amendment to the Constitution of the United States, as it does not affect any vital right, and is a mere matter of practice for the convenience of natural persons who are householders and residents of a county. The state may provide different rules as to venue, between citizens and corporations where it does not affect any material defense or liability.

2. APPEAL AND ERROR. *Instruction that measure of damages is difference between contract price and market price of logs cut and delivered and amount plaintiff would have made for cutting timber left standing held not ground for reversal.*

   It is not reversible error to give an instruction to a plaintiff in a suit for damages for breach of contract that the jury may find for the plaintiff, if the jury believe from the evidence the defendant breached its contract, the difference in the contract price and the market price for logs cut and delivered on the railroad, and also the amount plaintiff would have made for cutting timber left standing as a result of such breach, where the jury did not find anything as damages for the uncut timber even though the evidence may not show with sufficient certainty how much had been delivered and paid for, so as to make the amount due to be cut under a contract appear with reasonable certainty.

APPEAL from circuit court of Lawrence county.

HON. A. E. WEATHERSBY, Judge.

Suit by Floyd McCalip against the Morrimac Veneer Company. Judgment in favor of the plaintiff, and the defendant appeals. Affirmed.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

We do not contend that the suit at bar was wrongfully brought in the circuit court of Lawrence county. The statute of 1918, chapter 149, authorized its institution in that court. That court had jurisdiction of the subject-matter of the suit and of the parties to it. The venue of the suit was proper under the statute, Laws of Mississippi 1918, ch. 149, p. 154. What we contend is that the very same statute which authorized the suit to be instituted in the circuit court of Lawrence county gave the defendant the right, upon the showing made, to a change of venue, not to dispute jurisdiction or venue but the right to a change of venue.

The collateral observation in the opinion of this court, delivered by COOK, J., in *Plummer-Lewis Co.* v. *Francher,* 111 Miss. 656, must have been induced by the conception that Code 1906, section 707, as originally enacted, had no relation to suits against domestic corporations. However this may have been, the section as amended, Laws 1918, chapter 149, p. 154, has express relation to such suits. It relates as surely to suits against domestic corporations· as to suits against individual citizens, residents and citizens of this state. An analysis of the statute of 1918 under consideration, shows that civil actions in the circuit courts of this state shall be commenced: (a) in the county in which the defendants or any of them may be found; (b) and, if the defendant be a domestic corporation: (1st) in the county where the corporation is domiciled, (2d) or in the county where the place of business of such corporation may be, or (3d) in the county where the cause of action may occur (whatever this means) or accrue.

The exceptions mentioned in the statute have no application to the suit at bar. Under this statute a suit against an individual citizen and resident of a county, say Hinds county, brought in another county, say Lawrence county, is well brought if the defendant is found and is served with

process in the county in which the suit was instituted. If in such case the defendant fails to appear and defend, a judgment by default can be properly rendered against him and he will be bound thereby. The court would have jurisdiction of the subject-matter and of both parties to the suit, and the venue would be proper.

If in such case the defendant appeared and moved for a change of venue, making the proper showing, the same could not rightfully be denied him because the last sentence of the first section of the statute gives him a right to have the venue changed to the county of his residence. How can there be any difference between the supposed case and the case at bar?

Assuming that the declaration shows that plaintiff's cause of action accrued in Lawrence county, he had a right to sue defendant in the circuit court of that county and the service of the summons in Hinds county by the sheriff of Hinds county gave the circuit court of Lawrence county jurisdiction of defendant's person, still the last clause of the statute giving plaintiff the right to sue in Lawrence county, gives defendant a right to change the venue to Hinds county. Remember a corporation is a citizen and a resident under the Fourteenth Amendment to the Constitution of the United States and is entitled to the equal protection of the laws.

If, as recited by Judge Cook, a corporation had no right to a change of venue under the statutes of this state in force in 1916, they surely have such right under the statute approved February 14, 1918, before the beginning of this suit. The question under discussion was presented to the circuit judge in vacation, each party writing letters to him presenting their views and more or less arguing it. The plaintiff's attorneys cited and relied upon the case of *Tennessee, etc., Co.* v. *Dunn* (Ala.), 76 So. 360, as an authority denying the change of venue in the case at bar. The Alabama statute referred to in the case cited—it is hereinafter quoted—as shown by the opinion of the court simply and only provided that "a foreign or domestic corporation

129 Miss.—43

may be sued in any county in which it does business by agents" with an exception of no consequence to the suit before the court. It was not, as is the statute of this state, coupled with or affected by a provision giving the right to a change of venue, and therefore, the Alabama case is wholly inapplicable to the suit at bar. And besides, the question of a change of venue was not presented to the Alabama court; a change of venue was not asked in the case. The defendants therein pleaded in abatement to the jurisdiction of the court. The right of a defendant to a change of venue was not and could not have been raised by such a plea.

The plaintiff in the presentation by his attorneys of the question now before this court to the circuit judge also cited and relied upon the case of *Hatcher* v. *Southern Ry. Co.* (Ala.), 68 So. 55. That case has no more application to the one at bar than the *Tennessee, etc., Co., case,* 76 So. 360. The plaintiff also cited to the circuit judge another Alabama decision, *American Coal Corporation* v. *Roux,* 68 So. 970. The defendant pleaded in abatement in that case, as in the other Alabama cases, and no question of venue was presented.

Recurring to the case of *Plummer-Lewis, etc., Co.* v. *Francher,* 111 Miss. 656, upon which the appellee relied in the presentation of the question now before this court to the circuit judge, we have further to say: That the case did not involve the question of the right to a change of venue.

We trust the court will understand that we do not assail the constitutionality of the statute, approved February 19, 1918, or of any other statute. We admit the validity of the provision of the Act of 1918 under which this suit was begun in the circuit court of Lawrence county, but claim that the same statute by the last sentence of its first section gave the appellant, our client, the right to a change of venue. We make no such contention as was made in the case of *Allen* v. *Smith,* 84 Ohio St. 283; s. c., Ann. Cases 1912C. 611. Our contention is that if the statute shall be

construed to give the right to a defendant being a natural person and denies the right to a defendant being a corporation such construction will violate the equal protection of the laws clause of the Federal Constitution.

Instruction No. 5 given at plaintiff's request is grossly erroneous, because it authorizes the jury to award plaintiff damages for profits which he would have made on the timber yet uncut. This instruction wholly ignores the fact that the original contract did not obligate the Veneer Company to purchase all the timber on the land. It was a contract to purchase one million feet, more or less of certain designated kinds of timber from the land; it did not obligate the Veneer Company to receive or pay for more than one million feet of the particular kinds of timber designated and yet the instruction authorized the award to plaintiff of damages for loss of profits on all the timber of every kind on the land yet uncut, although the timber yet on the land may be largely or even entirely of other kinds (such as pine, magnolia, chestnut, mulberry) than those specified in the contract. The instruction authorized, as well, the recovery of profits which plaintiff would have made had he been permitted to cut all of the timber, even if there were ten million feet on the lands, when the contract was for only one million feet.

*Magee & Gibson,* for appellee.

The contention that the right to a change of venue follows the right to sue, or quoting: "The right to sue is subject to the right to change the venue,"—is wholly untenable. The right of the defendant to change of venue in this case is just the same as that of a private individual—if it can show certain conditions to exist as prescribed by section 712 of the Code of 1906, it gets a change of venue, just as any defendant in a cause might obtain such change, except, however, a corporation is never entitled to such change as was definitely and certainly stated by Judge COOK in the *Francher case,* 111 Miss. 656.

Appellant's contention that to deny it a change of venue in this case would be depriving it of the equal protection of the law is also unsound. The appellant is a creature of, and is subservient to, and must obey the statutes fixing the venue of its case. The contract alleged to have been violated, breached and broken in this cause was made, entered into and violated after the approval of the Laws of 1918, and if the defendants' contention were tenable and sound in so far as corporations are concerned, no law, substantive or otherwise, could ever be enacted subsequent to the date of their charter, affecting them, and the venue of suits against domestic corporations would be forever fixed by the law in force at the date of their charter. This contention, we think, is one heretofore unheard of.

We submit that in fact the only question raised by the plea to the jurisdiction of the court in the *Plummer-Lewis Case,* 111 Miss. 656, was really not a question of jurisdiction proper, but one of venue. In this case the words 'jurisdiction' and 'venue' were used interchangeably. In fact, the venue statutes of the state were the only statutes called in review by the court.

Counsel says that the Acts of 1918 giving venue in this suit to Lawrence county, Mississippi, circuit court is itself qualified by its concluding terms on the subject of a change of venue. This statement is also very true as to the rights of a natural person (citizen)—to have the venue changed when sued out of the county of his residence. But the statute of 1918, as did former statutes, fixes venue against natural persons in county of their residence, and if a natural person is sued in the county of his residence, neither he nor the plaintiff could lawfully obtain a change of venue to the county 'where the cause of action may occur or accrue.' Only upon a showing of prejudice or prejudgment of his case could the venue be changed, and this is provided for by other statutes, and not by the statute under review. The 1918 statute fixes the venue of suits against domestic corporations just as it fixes the venue of suits against natural persons, against the one in

the county of its domicile, or where it has a principal place of business, or in the county where the cause of action may occur or accrue, and against the other in the county of his household and residence.

So far as we are able to find, our court has not had occasion to pass upon the 1918 statute, but the statute itself is so plain and unmistakable in its terms, that it cannot be misunderstood. If appellants' construction should be placed upon this statute by the courts, its very purpose would be defeated because domestic corporations sued in the county, where the cause of action occurred and accrued, would always have the venue changed to the county of its domicile, and the very purpose of the statute would be, thereby, destroyed.

Counsel for the appellant also says that not to grant his motion and change the venue in his case would deny to the appellee the equal protection of the law under the Fourteenth Amendment to the Constitution of the United States. We hasten to say that we are utterly unprepared to argue this great question with counsel, but this same question was raised in the Alabama courts on a statute of that state fixing venue of suits against domestic corporations, and the Alabama court does not think that statute there unconstitutional. *Tennessee Coal, Iron and Railroad Co.* v. *Bunn,* 79 So. 360 (Ala.). See *American Coal Corporation* v. *Roux,* 68 S. (Ala.), page 970, to the same effect. We think that the *Plummer-Lewis case,* 111 Miss. 656, and the cases cited from the Alabama court settles this argument in appellees' favor.

The Laws of 1918, page 154, with reference to the venue of suits against domestic corporations, must needs be construed just as section 708 of the Code of 1906 is construed, with reference to the venue of suits against railroad companies, and just as section 809 of the Code of 1906, is construed, with reference to the venue of suits against insurance companies. Would counsel contend that merely because the Mississippi Central Railroad Company is a domestic corporation, domiciled in Forest county, Mississippi,

the venue of the suit would have to be changed to Hinds county on application?

We most respectfully and confidently submit that there is nothing in appellant's contention that the circuit court of Lawrence county, Mississippi, did not have jurisdiction to try this case, and that the venue of the trial should have been changed to Hinds county.

Plaintiff complains that instruction No. 5 is erroneous because it authorizes the jury to award plaintiff damages for profits which he would have made on timber yet uncut. We think that this instruction is correct, because the contract called for a million feet more or less on certain land, and describes it. Evidently it was in the minds of the contracting parties to buy all of certain kinds of timber upon a certain designated piece of land. Had this not been the understanding at the time, the contract would not have specified any certain tract of land, no doubt, but as the parties to this contract had in mind certain timber of a certain character upon a certain tract of land, which no doubt they estimated to be a million feet more or less, they evidently used the phrase 'more or less' with a view of taking all of that certain kind of timber (naming it in the contract) upon that certain tract of land named in the contract. It is a matter of common and general knowledge that at the time this contract was made and entered into by and between the parties, the log and lumber market was "sky-high," and no doubt the "sky was the limit" in the minds of the parties making this contract.

There can be no doubt but that the verdict in this case was really a victory for the defendant, or appellant here, and the victory is due altogether to the able, fascinating, ingenious argument made by appellant's counsel to the jury. We thought then, and we think now, that the jury were swept off their equilibrium by this argument, or they would have awarded appellee damages for the profits he was assuredly making and would have made on the timber still left on the land. The appellee, under all the decisions of this state, was entitled to damages on this feature

of the case.  *Beach* v. *Johnson,* 102 Miss. 419 (1914 D. 33);
*White* v. *Leatherberry,* 82 Miss. 103; 28 Law Ed. 168; 35
Law Ed. 147; 56 Am. Rep. 69.

There can be no question that appellee was entitled to
recover the amount of the loss sustained by him on the
logs cut for appellant and which it refuses to accept under
the contract.  71 So. 872.  We think that the case ought to
be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff below, and sued the appellant
for damages for a breach of contract involving the sale of
certain timber to the appellant by the appellee.  The con-
tract of sale provided for a sale of one million feet, more
or less, of certain gum, maple, beach, sycamore, and poplar
timber upon certain described lands, at the sum of twenty-
eight dollars per thousand feet when cut and loaded on
cars at Monticello, Miss., payment to be made twice each
month, on the 1st and 15th, with the provision that the ap-
pellant should retain four dollars and forty cents per thou-
sand feet to pay one Barnett for permitting said plaintiff
to cut and remove the timber.  The contract also provided
for the sale of all ash timber on said lands at the sum of
thirty dollars per thousand feet f. o. b. cars Monticello,
Miss., with seven dollars per thousand feet to be paid to
Barnett for permitting the plaintiff to cut and remove said
timber.  The declaration alleged that the plaintiff entered
upon said contract and cut and hauled to Monticello logs,
some of which were delivered to defendant, and that the
plaintiff had cut and loaded on the ramps of the railroad
ready for inspection something more than one-half million
feet of timber, but which the defendant refused to inspect
and accept as provided for in the contract, and that the
defendant breached its contract and notified the railroad
company that it would not receive any logs loaded by the
plaintiff for it or for any other person, and, further, that
it was necessary after the breach of the said contract to

sell the said timber to other persons; that the plaintiff sold fourteen thousand feet of said lumber to the E. L. Hendricks Lumber Company at twenty dollars per thousand feet, entailing a loss of eight dollars per thousand feet, or one hundred and twelve dollars, and was forced to sell to the Quaker Oats Company five hundred thousand feet of said timber at twenty-two dollars and fifty cents per thousand feet, entailing a loss of five dollars and fifty cents per thousand feet, totaling two thousand, seven hundred and fifty dollars, making a total loss to the plaintiff of two thousand, eight hundred and sixty-two dollars on the logs thus cut and ready to be delivered to the defendant. It was further alleged that there was uncut at least five hundred thousand feet of said timber embraced in said contract, and that, by reason of the breach of said contract, the plaintiff was damaged as to this item in the sum of fourteen dollars per thousand feet, or a total of seven thousand dollars for this item, and demanded judgment for nine thousand, eight hundred and sixty-two dollars, as total damages for said breach of contract.

The defendant filed a motion for a change of venue, alleging that it was a resident citizen of the first judicial district of Hinds county, Miss., having its domicile and place of business within said district and county, but that it was a Mississippi corporation, and its only place of business and residence was in the first judicial district of Hinds county, and had been since the date of its incorporation, and that at no time had the defendant had an office in Lawrence county, Miss., or an officer or agent within said county of Lawrence, which motion was verified by its agent, which motion was by the court overruled, and exception taken thereto. The defendant thereupon pleaded the general issue and a special plea, in which special plea is was alleged that, after making the written contract sued upon and its partial performance, the plaintiff and defendant mutually entered into an agreement to annul and terminate said contract, and plaintiff agreed to and with the defendant, in consideration of the defendant's yielding

its right to have delivered to it any more of the timber
mentioned in the contract not theretofore cut and delivered,
that the plaintiff would and did release and discharge the
defendant from all obligation and liability, and that pre-
vious to the said agreement it had received no timber on
said contract, except that which had been fully paid for,
and that said contract was wholly null and vacated, upon
which special plea issue was taken in short by consent.

The plaintiff testified to the allegations of his declara-
tion, and that he had cut and had had hauled to the ramps
at Monticello the logs as above stated ready for delivery,
and that he called upon the defendant to send its inspector
to measure and inspect the said logs, and that the de-
fendant refused to take said logs, and notified the plaintiff
that it would not take any more, and also notified the rail-
road company that it would not receive any shipment con-
signed to it by the plaintiff; that he loaded said logs and
was compelled to sell them as above stated, and that his
losses on the said logs so cut and loaded was as above set
out. He also testified that he was ready to cut the other
logs, and also testified as to the amount it would cost him to
cut and load them on the cars, and testified as to his esti-
mate of the timber uncut on the lands in question, and also
produced estimates from other timber estimators as to the
number of feet uncut. He also testified that he had not
rescinded said contract nor agreed that it should be re-
scinded and annulled. He testified further that he had
conditionally offered to release the said contract on con-
dition that he be paid one thousand, five hundred dollars,
to be divided between him and the defendant if the defend-
ant would buy other logs from him. He further testified
that, after the breach of the contract, he made a contract
with other parties to cut and saw the timber, but that he
made no money on said contract, and that he was compelled
to do so to keep his teams employed.

The question as to whether the contract was rescinded
was submitted to the jury on conflicting evidence on the
part of the plaintiff and defendant, and the jury returned a

verdict for two thousand, eight hundred and sixty-two dollars, and judgment was entered accordingly therefor, from which judgment this appeal is prosecuted.

A number of errors are assigned, the first of which is that the court erred in refusing to grant the change of venue. The statute bearing on venue is chapter 149, Laws of 1918, p. 154 (Hemingway's Code Supp. 1921, section 486), which reads as follows:

*Venue of Actions; in what County, Generally.* Chapter 166, Laws 1908.—Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county . . . where the cause of action may occur or accrue except where otherwise provided, and except actions of ejectment and actions of trespass on land, and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land, or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them, the action shall be brought in the county of his residence, and in such cases, process may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence."

It is alleged that the court erred in refusing to grant a change of venue, because it is insisted that under this section, a corporation has a right under the last clause thereof to remove the cause to the county of its domicile or chief place of business, and that, if the statute is so construed as to deny it the right so to do, the statute is unconstitutional because of the denial of the equal protection of the law under the Fourteenth Amendment.

This court said in *Plummer-Lewis Co.* v. *Francher,* 111 Miss. 656, 71 So. 907, that a corporation had no right to

change a venue under the statute as it then stood, which, so far as the last clause is concerned, is the same, but which in the body did not provide, as the present act does. that suits against corporations might be brought where it did business or had an agent or where the cause of action accrued.   In that case a corporation domiciled in Hinds county was sued in Attala county, and this court held that the Attala court had no jurisdiction.   The law as it at present stands was enacted to meet this decision.   The concluding sentence of the section as it now stands reads as follows:

"If a citizen resident in this state shall be sued in any action, not local, out of the county of his household and residence, the venue shall be changed, on his application, to the county of his household and residence."

It is clear that the legislature in this last sentence was making provision for individuals, and not for corporations, and it was so understood and construed in *Plummer-Lewis Co.* v. *Francher*, *supra,* and the court below refused the change of venue because of the announcement in the above case.

It is insisted by the appellant that it comes within the purview of this clause, as it is legally a citizen resident of this state, and to deny it the same right to a change of venue as a natural person would render the statute unconstitutional, because obnoxious to the Fourteenth Amendment to the Constitution of the United States.   The appellant has cited no authority so holding, and we do not understand that the Fourteenth Amendment prevents the state from providing different rules as to venue as to corporations and individuals.

In *Smith* v. *L. & N. R. Co.,* 75 Ala. 449, the supreme court of that state draws a distinction between imposing a burden or conferring a property right and the form of proceeding in which shall be brought or maintained.   The court in that opinion said:

"The sum of these provisions is, that no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes.

. . . In *Richards' Case,* 74 Ala. 466, we sanctioned a different rule as to venue—the mere form of proceeding—when a corporation is sued. We reached this conclusion by force of the corporation's mode of conducting its business; that its scene of active operations is ambulatory, and its domicil, if domicil it has, is essentially unlike, as its business transactions are unlike, those of a living, human being.''

In *Hatcher* v. *Southern Ry. Co.,* 191 Ala. 634, 68 So. 55, the court reannounces this rule and reapproves the *Richards Case,* 74 Ala. 466.

In *Allen* v. *Smith,* 84 Ohio St. 283, 95 N. E. 829, Ann. Cas. 1912C, p. 611, the Ohio court reached a similar conclusion, and held that it was within the power of the Legislature to deal with the subject of venue. See, also, authorities cited in case note to *Allen* v. *Smith, supra,* in Ann. Cas. 1912C, p. 614 et seq.

In our opinion the statute is not objectionable as a denial of the equal protection of the law, because it in no manner affects the rights of the parties to the suit. If, however, we are mistaken about this, it would be harmless error in the present case, because there is not any suggestion of error in the record which would authorize us to infer that any prejudice resulted because of the denial of the motion.

A number of instructions are excepted to and assigned for error. It will be only necessary to notice one of them in this opinion. Instruction No. 5 reads as follows:

"If the jury find for the plaintiff they may assess his damages at such amount as the evidence shows that he has lost by reason of the breach of the contract and in computing the amount of damages you should allow the plaintiff the difference in the price called for by the contract and what plaintiff sold the logs for to E. L. Hendricks Lumber Company and Quaker Oats Company, and also the profit which the evidence shows the plaintiff would have made on the timber yet uncut, not to exceed the amount sued for. and less any amount which the plaintiff may have made in sawing timber for Cook."

It is insisted that this is erroneous because it authorizes the jury to award the plaintiff damages for profits which he would have made on timber yet uncut. It is said that this instruction wholly ignores the fact that the original contract did not obligate the Veneer company to purchase all of the timber on the land; that it was a contract to purchase a million feet, more or less, of certain kinds of timber, and did not obligate the veneer company to receive more than a million feet of the particular kind of timber designated. The contract called for the cutting of a million feet, more or less, of certain designated kinds of timber, and for all of the ash timber, but, if this be error, it would be harmless error, because the jury did not find anything for the plaintiff as to those uncut timbers. Its verdict was for exactly the amount of damage proven by the plaintiff of loss on the logs that were cut and loaded on the railroad cars and sold to other persons because of the defendant's refusal to accept and pay for them. As we see it, there is no contradiction of the plaintiff's evidence on this loss.

It is urged that the plaintiff is not entitled to the amount claimed because the contract authorizes the veneer company to pay out of the moneys under the contract four dollars and forty cents per thousand feet to Barnett, and that this should be deducted from the plaintiff's testimony of loss. The appellant is not entitled to have this four dollars and forty cents per thousand feet deducted from the damages because the plaintiff either paid or was under obligation to pay the owner of the timber for the same irrespective of this provision of the contract which had been breached. The defendant's obligation was to accept the timber and pay for it. It breached its contract according to the jury's verdict and is responsible for the difference between the contract price and the price at which the timber must be sold to reduce the plaintiff's damages.

We think the other assignments of error without merit, and the judgment is affirmed.

*Affirmed.*