Joseph D. McCormick *et al. v.* John D. McCormick, Administrator.

1.  EMBLEMENTS.—Emblements are defined to be " the growing crops of those vegetable productions of the soil, which are annually produced by the labor of the cultivator."

2.  EMBLEMENTS: HEIR AND PERSONAL REPRESENTATIVES: TO WHOM ENTITLED AT

McCormick et al. *v.* McCormick.

COMMON LAW AND BY STATUTE.— At common law, upon the death of the owner in fee of land, the growing crops thereon went to his personal representatives, and not to the heir.   The rule has been changed in this State by statute.

3. EMBLEMENTS : RIGHT TO, AS BETWEEN HEIR AND PERSONAL REPRESENTATIVES, BY STATUTE.—By the laws of this State, on the death of the ancestor, the heir is entitled, not only to the property, but to the possession of the land of which the ancestor died seized ; and the personal representative has no right or title to the land, or interest in it, except that conferred, to a certain extent and for a particular purpose, by statute.

4. EMBLEMENTS : WHEN PERSONAL REPRESENTATIVE ENTITLED TO.—The personal representatives are entitled to the growing crops, as they existed at the time of decedent's death, when they obtain an order of the Probate Court for their sale, or are allowed to take charge of the plantation and manage it until the crops be completed.

5. EXECUTOR AND ADMINISTRATOR: HEIR RESPONSIBLE FOR USE OF STOCK, ETC.— When the heir uses the stock, provisions, and farming implements of his ancestor, in cultivating and completing the crop growing upon his lands at the time of his death, he is accountable for the use of the same to the personal representatives.

6. REPLEVIN : ACTION AGAINST PARTY IN POSSESSION.—An action of replevin will lie only against the party in possession of the property at the time the action is instituted.

ERROR to the Circuit Court of Yazoo county.   Hon. J. A. P. Campbell, judge.

*D. Jones,* for plaintiffs in error, presented the following points :

On the death of an ancestor intestate, seized of an estate of inheritance, his lands immediately descend to his heirs, with the right of entry and possession.   2 Black. Com. 208, 210 ; 1 Tuck. Com., book 2, 187, 188 ; 4 Kent's Com. 374, 375 ; 3 Cruise's Digest, 362, 363 ; 2 Comyn's Digest, title Descent, C.

This principle of the common law has been incorporated into our statutes, and have been in existence from its earliest legislation.   Poind. Code, 41, section 50 ; How. & Hutch. 393 ; Hutch. Code, 623 ; Rev. Code, 452, article 110.

An administrator has no right to the possession of his intestate's real estate.   *Carmichael* v. *Davis,* Walker's (Miss.) R. 221 ; *Smith* v. *Winston,* 2 How. Miss. 601 ; *Person* v. *Williams,* 23 Miss. R. 64.

Lands, in case of deficiency of personalty, are liable for the

payment of debts; but this vests in the administrator an interest on condition. Rev. Code, 446, articles 88, 89.

*Wilkerson* and *Bowman,* for defendants in error, contended, That but one question was presented, whether the personal representative or the heir is entitled to the crops growing upon the lands of decedent at time of his death.

"Where the deceased was seized in fee-simple of land, his personal representatives are entitled to emblements as against the heir." 1 Williams' Exrs. 496.

HANDY, C. J., delivered the opinion of the court.

This was an action of replevin, brought by the defendant in error, as administrator of John McCormick, deceased, against the plaintiff in error, to recover a quantity of corn and fodder, alleged to be the property of the administrator. The suit was brought in the County Court, and from the judgment of that court the case was taken by appeal to the Circuit Court, where a judgment was rendered on a special verdict for the administrator, and the defendant takes the case here by writ of error.

The case depends entirely on the correctness of the judgment of the Circuit Court on the special verdict, the only error assigned or insisted on by counsel being, that the judgment is erroneous in law upon the case made by the special verdict.

The special verdict is in the following words:

"We, the jury, find the following facts: That John C. McCormick died on his plantation in Yazoo county, on the 8th day of May, 1865; that he left a number of children, of whom Joseph D. McCormick was one, and the administrator another; there were several other children of the intestate; that intestate owed debts nearly enough to absorb his estate; that, at the time of his death, there was a crop of corn planted, about twelve or fifteen acres of which were replanted by defendant; that a portion of the corn was ploughed up and put in cotton; that the corn in controversy was grown on the place in 1865, and was worth $1.50 per bushel, and there were two hundred bushels sold by defendants; that, on the 8th May, 1865, the

ancestor died ; his sons took possession of the land and slaves (whom they hired for the remainder of the year) then on the place, which before the emancipation proclamation had belonged to the ancestor ; and that with the slaves, stock, provisions, and farming utensils belonging to said intestate, his son Joseph raised the corn in controversy ; that plaintiff administered in October, 1865 ; inventory and appraisement embraced the corn sued for ; that after the death of the ancestor, the son entered into a contract with the negroes on the place to make a crop, and under it paid their taxes and furnished medicines; and corn is now worth $1 per bushel. If, upon these facts, the law be for the plaintiff, we find for the plaintiff: if the law is for defendant, then we find for the defendant. And thereupon the court rendered judgment for the plaintiff for $788 and costs.

By the common law, emblements—which are defined to be the growing crops of those vegetable productions of the soil which are annually produced by the labor of the cultivator— went to the personal representative and not to the heir, upon the death of the ancestor who was seized in fee of the land. 1 Williams' Exrs. 496, 2d Amer. edit. If this rule remained in force to its full extent in this State, there is no doubt that the administrator would be entitled to the growing crops from and after the death of the decedent. But this rule appears to be materially modified by our legislation on the subject. On the death of the ancestor, the heir immediately is entitled not only to the property but to the possession, and the personal representative has no right or title to the land, or interest in it, except such as is conferred upon him to a certain extent and for particular purposes by our laws.

Our statutes, in force at the time the rights of the parties in this suit accrued, contained but two provisions touching the right and power of the personal representative in relation to crops of the decedent growing at the time of his death. The first is, that the Probate Court may, on application, decree a sale of such crops by the executor or administrator ; and the second is that that court, if it shall be of opinion that the interest of the estate would be best promoted by cultivating and

completing such crop, may order the executor or administrator to do so, who shall take charge of the plantation and proceed to manage the same until the crop be completed; and the proceeds shall be assets, the necessary expenses being deducted. Rev. Code, 448, article 96.

These provisions plainly recognize the right of the personal representative to the crop in the condition in which it exists at the time of the decedent's death. But the effect of them is, that he can only exercise that right in one of two ways; he must either sell the crop under an order of the Probate Court, or obtain an order of the court allowing him to cultivate and complete it, in virtue of which he is authorized to take charge of the plantation and manage it until the crop be completed, and to incur the necessary expenses to that end. If he proceed in neither of these ways, the heir, who by the death of the ancestor is entitled to the possession, may consider the right abandoned, and take possession of the land and cultivate and complete the crop. In such a case the administrator would not be entitled to the crops completed and matured by the labor, and at the expense, of the heir; because they may be, and in this case actually are, for the most part the product of the labor and means of the heir. In their then condition they are not the specific and identical thing to which the administrator was entitled at the time of the intestate's death; but both their form and value are materially changed, and that by the exertions and means of the heir. If, in such a case, the administrator be entitled to recover anything from the heir, it is certainly not the specific articles raised and matured on the land, but the value of the crops at the time the heir took possession of them.

In the present case it is manifest that nearly all the value of the corn in controversy was derived from the labor and means of the plaintiff in error; and it would be most unjust to permit the administrator, when he had done nothing to give any value to the crops, to come forward and reap all the benefit of the heir's labor and expense. If, in the cultivation of the crop, the plaintiff in error had the use of the stock, provisions, and farming implements belonging to his father's estate, as is found

by the special verdict, he would be accountable to the adminis-
trator for the same, but not in an action of this sort.

There is another objection to the judgment, which, though
not presented in argument, we cannot overlook.

Our consideration of the case is confined entirely to the spe-
cial verdict and the judgment rendered thereon, and the affida-
vit and proofs on which the suit was founded in the County
Court. From the proceedings in the County Court, we learn
that the action was replevin for a certain quantity of corn and
fodder. For the evidence to support the action, we have to look
entirely to the special verdict; and when we examine that,
there is a total absence of all evidence that the defendant had
any corn in possession, susceptible of being taken on the writ
of replevin. All that is shown in relation to the defendant's
possession is, that he sold two hundred bushels of corn, that is,
of the corn in controversy. But there is nothing to show that
he had any corn in possession when the writ of replevin was
issued, or at any time thereafter; and under that state of case,
the action of replevin cannot be maintained.

Whatever the true state of the case may be, in this respect,
we are compelled to view the evidence, on which the action
rested, alone through the medium of the special verdict; and so
regarding it, it is clear that upon the ground just stated the
judgment was erroneous.

Upon these views of the case, we are of opinion that the
judgment is erroneous, and it is therefore reversed, and a judg-
ment directed to be entered on the special verdict for the plain-
tiff in error.