## J. T. GRIFFIN v. JANE E. LANCASTER.

1. REPLEVIN. *Execution and attachment.  Code* 1880.
   By Code 1880, § 2633, replevin is prohibited for property seized under execution and attachment writs.

2. SAME.  *Possession of defendant.  Levy of execution.*
   Under the former statute, replevin could not be maintained against a plaintiff in execution for property held by the officer.

APPEAL from the Circuit Court of Chickasaw County.

Hon. J. A. GREEN, Judge.

*W. P. & J. B. Harris*, for the appellant.

Replevin will not lie against a person not in possession of the property.  *Grace* v. *Mitchell*, 31 Wis. 533; *Hall* v. *White*, 106 Mass. 599; *Richardson* v. *Reed*, 4 Gray, 441; *Haughton* v. *Newberry*, 69 N. C. 456; Code 1871, §§ 1529, 1530, 1535.  A plaintiff in execution has no right to possession.

*J. B. Gladney*, on the same side.

*T. N. Martin*, for the appellee.

The appellee was entitled to the property, and the defendant could not escape liability for its unlawful taking and detention, by sending an officer who acted as his agent in making the seizure.

*Martin & Bates*, on the same side.

CHALMERS, C. J., delivered the opinion of the court.

Mrs. Lancaster, whose property had been levied on under an execution against her husband, brought an action of replevin for its recovery, not against the officer in whose possession it was, but against the plaintiff in execution, in whose possession it was not.

The suit is not maintainable.  It is essential in replevin that the defendant shall be in possession of the property sued for at the time of institution of the suit; and though trespass may be maintained both against the officer wrongfully seizing property of a stranger, and against the plaintiff in execution, the rule is otherwise as to replevin.  In the latter form of action the suit must be against him in whose possession the property

is, and, if not so brought, it will be dismissed. The contrary doctrine was held in Connecticut, but it was under a statute. *Bowen* v. *Hutchins*, 18 Conn. 550. It was held otherwise, also, in *Allen* v. *Crary*, 10 Wend. 349. But this decision is plainly against the weight of authority, and is censured in the later decisions in the same State. *Brockway* v. *Burnap*, 12 Barb. 347. Undoubtedly the sound rule is that actual possession must exist in the defendant, and that possession of the officer is not equivalent to possession by the plaintiff in the writ under which the property is seized. Wells on Replevin, § 143 ; *Grace* v. *Mitchell*, 31 Wis. 533 ; *Richardson* v. *Reed*, 4 Gray, 441. This suit was brought before the adoption of the Code of 1880, by § 2633 of which actions of replevin for the recovery of property seized under execution, and attachment writs are prohibited.

*Judgment reversed and cause dismissed.*