## D. F. VAUGHN *v.* R. H. HUFF.

[54 South. 837.]

REPLEVIN. *Possession of property by defendant. Estoppel.*

> An action of replevin is not maintainable where the defendant did not have possession of the property at the time of the institution of the suit, and did not execute any forthcoming bond, nor authorize any one else to do so for him, nor ratify the act of another doing so; there can be no estoppel in such case.

APPEAL from the circuit court of Pike county.
HON. W. H. WILKINSON, Judge.

Replevin by R. H. Huff against D. F. Vaughn et al. From a judgment for plaintiff, defendant appeals.
The facts are stated in the opinion of the court.

*E. J. Simmons,* for appellant.

Notwithstanding the fact that all the evidence in the case shows that D. F. Vaughn did not in fact execute the forthcoming bond, and notwithstanding the fact that W. B. Vaughn, trustee, did execute the bond, and notwithstanding the fact that the evidence plainly shows that D. F. Vaughn did not have the possession, but that the property was actually in the possession of the trustee, still upon coming in of the verdict the court entered a judgment against the defendant and the sureties on said bond for the forthcoming of the property, and this, I submit, was error, such judgment not being warranted by the proof and not being proper in any view of the case. It is inconceivable that the court would hold that Huff is entitled to have the property returned to him and that W. W. Vaughn would be forced to institute a replevin suit in order to execute the trust. The record simply leaves W. B. Vaughn free to foreclose the trust deed by a sale

of the property and it, in default of the property, leaves plaintiff, Huff, the right to demand of the beneficiary, and the gentlemen who signed as sureties on a forthcoming bond, the value thereof. In other words, if by a foreclosure of the trust deed and a sale of the property by the trustee, D. F. Vaughn should succeed in collecting his debt, he must, under the judgment rendered herein, not only hand over the same to the plaintiff, but in addition the actual value of the property as found by the jury. To state the case is to demonstrate that reversible error has been committed.

*R. W. Cutrer,* for appellee.

The judgment entered against D. F. Vaughn and the sureties on his bond, S. Cohn & Sons and J. A. Wiltshire, we submit, was proper.

These sureties signed the bond for D. F. Vaughn and not for W. B. Vaughn, and as the jury found that D. F. Vaughn was in the possession of the property, the judgment was correctly entered against himself and the sureties on his forthcoming bond, who were S. Cohn & Sons and J. A. Wiltshire.

We therefore confidently submit that the verdict of the jury and the judgment of the court below was correct and the case should be affirmed.

Anderson, J., delivered the opinion of the court.

This is an action of replevin by the appellee, R. H. Huff, against the appellant, D. F. Vaughn, and his son, W. B. Vaughn, which was dismissed by the court below as to the latter. A judgment was rendered in favor of appellee against the appellant for the possession of the property involved, from which appellant prosecutes this appeal.

The appellee, for the purpose of securing an indebtedness due by him to the appellant, executed a deed of trust on the property involved to W. B. Vaughn, as trus-

tee. At the instance of the appellant, the trustee took possession of the property for the purpose of sale under the deed of trust to satisfy the indebtedness thereby secured, and had advertised the same for sale when the appellee instituted this action of replevin in the circuit court against the appellant and the trustee to recover the property. When the writ of replevin was levied, the trustee, desiring to retain possession of the property, and conceiving that the forthcoming bond should be executed by the appellant, without authority of the latter, executed such bond, signing appellant's name as principal, which was accepted by the officer levying the writ, and the property left in the hands of the trustee. A few days before the trial of the case, the trustee, for the purpose of making the forthcoming bond his bond, instead of that of the appellant, signed his name to it as principal. Both the affidavit and writ of replevin were against appellant and the trustee, but the declaration was filed against the appellant alone. The appellant pleaded the general issue, and gave notice thereunder he would insist at the trial that the trustee should be joined as his codefendant in the declaration. On motion of the appellee the cause was dismissed as to the trustee, to which action of the court the appellant excepted. The trial then proceeded against the appellant, resulting in a judgment against him and the sureties on the forthcoming bond.

The appellant moved the court for a peremptory instruction in his favor, which was denied. This instruction should have been given. There was no issue of fact as to the possession of the property for the jury to try. Without any conflict whatever, the evidence shows that, at the time of the institution of the suit and the levy of the writ, the trustee, W. B. Vaughn, had possession of the property, and not the appellant. Nor is there any conflict in the evidence as to whether the forthcoming bond was executed by the appellant. The trustee, W. B.

Vaughn, signed appellant's name to the bond as principal, without his knowledge or consent. Under the authority of *Furst* v. *Pease,* 52 South. 257, if the appellant had executed the forthcoming bond, he would be estopped to deny that he had possession of the property. But he is not estopped, because he did not execute it, nor authorize the trustee to execute it for him, nor afterwards ratify the act of the latter in so doing.

*Reversed and remanded.*