## PLUMMER-LEWIS Co. *v.* FRANCHER.

[71 South. 907.]

1. CORPORATIONS. *Venue. Change. Actions against. Statute. Principal place of business.*

Corporations are denied the right to have the venue changed to its residence or domicile—a right accorded to natural citizens.

2. CORPORATIONS. *Actions against. Venue. Principal place of business.*
In the absence of a statute fixing the venue of actions against domestic trading corporations, the suit must be begun at the domicile of the corporation, the phrase ''principal place of business'' used in the statute being synonymous with domicile.

APPEAL from the circuit court of Attala county.
HON. J. A. TEAD, Judge.
Suit by C. C. Francher against the Plummer-Lewis Company. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

*Flowers, Brown, Chambers & Cooper,* for appellee.

COOK, P. J., delivered the opinion of the court.

C. C. Francher filed his declaration in the circuit court of Attala county declaring upon an alleged breach of contract, and process was served upon an alleged agent of appellant, a domestic corporation organized under the laws of this state, which agent was found in Attala county.

The defendant corporation appeared and filed a plea challenging the jurisdiction of the circuit court of Attala county. The plea averred that the defendant was a domestic corporation, and that it was domiciled at Jackson, Hinds county, and also that the process was not

served on an agent of the defendant qualified to receive process. Issue was joined on these pleas, and the issue was fought out on the facts. The uncontradicted facts sustained the averment of the plea that defendant was a domestic corporation, and that its domicile was fixed at Jackson, Hinds county, by its charter. The trial court peremptorily instructed the jury to find for the plaintiff on this issue. The verdict of the jury was rendered accordingly.

Several questions are presented by the briefs in this case, but we have elected to confine our opinion to a single point determinative of this case. The question is: Did the circuit court of Attala county have jurisdiction to try a case instituted in that county against a domestic corporation domiciled at Jackson, Hinds county, the corporation defendant being a trading corporation engaged in the buying and selling of cotton, and exercising its franchise through an agent located in the county of the venue of the action?

The venue of civil actions generally is fixed by section 707, Code 1906, "in the county in which the defendant or any of them may be found, except where otherwise provided, and except actions of ejectment and actions of trespass on land." Sections 708, 709, 710, and 711 provide for the venue of actions in cases that are described in section 707 by the phrase "except where otherwise provided." The defendant in this case does not come within the excepted class of defendants mentioned in sections 708, 709, 710, and 711, nor is this, an ejectment suit, or action of trespass on land.

The question is, then: Was the defendant found, or could the defendant be found in Attala county, when its domicile was fixed by law in Hinds county? If it can be said that the corporation is "a citizen resident in this state," and that it has a "household and residence," there would be but little difficulty in arriving at a satisfactory solution of the problem presented by this appeal by sustaining a motion for a change of venue,

but we believe the right of change of venue is not given corporations.

We will go a step further to see if the chapter on "Process" throws any light on this problem. Section 3927 prescribes the forms for the returns which the sheriff must make on process directed to him, and this section prescribes: (1) Form for personal service; (2) form where service is had on some other person than the defendant, and manifestly this form is for natural persons, if it be taken literally, and the same is true if we read literally from 3. So far, our statutes do not in terms provide for the venue of actions against corporations of the class to which the defendant in this case belongs, nor a form of service in cases like the present one.

Section 3932 is the statute that points the way for serving process on all domestic corporations. The first clause is the general clause, and provides for personal service on the officers named "or agent or upon any one of the directors of such corporation." This clause refers to all corporations of whatever kind or description. The second clause refers to sleeping car companies alone, and the third clause is confined to steamboat companies. Then follows a sentence which refers to cases where none of the officers and agents mentioned in the preceding part of the section can be found, and provides that in this event "then it shall be sufficient to post a true copy of the process on the door of the office or principal place of business of the corporation."

May we not say just here that thus far section 3932 refers to and contemplates that the action, in the first instance, was begun in the county wherein was located "the office or principal place of business of the corporation" made defendant? We think so. It is clear that the directions of the statute are intended for the guidance of the officer to whom the process is directed, and ordinarily, of course, the process from the circuit court is directed to the sheriff of the county in which the

suit has been filed. The succeeding part of this section of the Code, we believe, makes it clear that the first part of the section refers to actions begun in the county where the office or principal place of business of the corporation sued is located. We quote that part of section 3932 just referred to, the same being the two concluding sentences of the section, viz.:

"In suits against railroads, sleeping car, telegraph, telephone, express, steamboat, and insurance companies or corporations, or in suits against a receiver or receivers in charge of the property of any such companies or corporations, the process may be served on any agent of the defendant or sent to any county in which the office or principal place of business may be located, and there served as herein directed and authorized; or may be served on any one of the foregoing officers of such corporation or company, and upon the secretary, cashier, treasurer, clerk, depot agent, attorney or any other officer or agent of such receiver or receivers, or upon them in person. When any writ or process against such corporation, company, receiver, or receivers has been returned executed, the defendant or defendants shall be considered in court, and the action shall proceed as actions against natural persons; and all process and notices to be served upon such companies, corporations, or receivers may be served as herein directed."

It will be observed that this part of section 3932 refers to the class of corporations for which the venue of actions is fixed by sections 708 and 709, to wit, railroad, express, steamboat, or telegraph corporations, to which are added by this section, telephone and sleeping car corporations. In other words, sections 708 and 709 fix the venue of actions against railroad, express, steamboat, or telegraph corporations, and section 3932 provides the alternative methods for serving process on all of the corporations mentioned in sections 708 and 709, and adds to the number two other classes of corporations, viz., sleeping car and telephone corporations.

By the quoted sentences of section 3932, in suits against railroads, sleeping car, telegraph, telephone, express, steamboat, and insurance companies, the process may be served on the officers, agents, employees and attorneys of the corporations, if found or if not found, the process may be sent to any county in which the office or principal place of business is located and served by posting a copy on the door of the office or principal place of business of the corporation defendant.

As above stated, the first part of section 3932 evidently refers to suits brought in the county where the office or principal place of business is located, and it seems equally clear that the concluding sentence refers to suits begun in a county where the line, route, or way of the corporation may be, but not where the office or principal place of business is located. Any of these corporations may be sued "in any county in which any part of such railroad, express route or line, steamboat way or telegraph line may be," and the process may be sent to the county of the office or principal place of business, in case no agent can be found in the county of the venue. Why sleeping car and telephone corporations are not mentioned in sections 708 and 709 it would be idle to conjecture.

To sum up, we find that the venue of actions against certain named corporations is fixed by statute in any county where they may be exercising their franchises, and that the statute does not place the corporation sued in this case within that class. We find furthermore that the section of the Code prescribing how process may be served on corporations like the one in the instant case inferentially and by exclusion fixes the venue of actions like this against corporations of this kind in the county wherein the office or principal place of business is located.

The statute (section 920) leaves no doubt about the venue of actions against foreign corporations; they may be sued in any county where an agent may be

found; whereas section 707 fixes the venue of actions where the defendant may be found. In this case the defendant is a corporation, and was not found in the county where the suit was begun. We think, in the absence of a statute fixing the venue of actions against domestic corporations of the class sued in this case, the suit must be begun at the domicile of the corporation, and that the phrase "principal place of business" used in the statute is synonymous with "domicile." If we should hold that domestic corporations like the defendant may be sued in any county where an agent might be found, it would impose upon such defendant a burden of inconveniences and costs, which we do not believe was contemplated by the statutes of the state, especially when it is clear that corporations are denied the right to have the venue changed to its residence or domicile—a right accorded to natural citizens.

The courts of other states do not help us in the solution of our puzzle. The decisions, as a rule, are based upon statutes, but there are some decisions which seem to be based on the assumed common-law rule, and they are in hopeless conflict. One group fixed the venue of actions against corporations in the county of the domicile or principal place of business, while another group in any county where the corporation may be exercising the powers conferred on it by its charter.

We gather from our statutes that the legislature selected a class of corporations—public service corporations—and by special enactment provided that they might be sued in any county wherein they exercised their franchises, but failed to fix the venue of actions against corporations of other kinds. So we conclude that it was not the purpose of the legislature to place corporations generally in the special class.

We judge, by the drift of the evidence in the court below, that the case went off there upon the question of the qualifications or competency of the agent served to receive process, and that the point stressed here was

not stressed in the trial court. However, we think the real point lies on the face of the record, and in deciding this point it is unnecessary to decide the minor point, which, no doubt, was the controlling point in the trial court.

The judgment of the circuit court is set aside, and judgment here dismissing the suit.

*Reversed and dismissed.*