AINSWORTH *v.* SMITH *et al.*

(Division B. April 14, 1930.)

[127 So. 771. No. 28582.]

Collins & Collins, of Laurel, for appellant.

**J. A. McFarland**, of Bay Springs, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action of replevin in the circuit court of Jasper county, against appellee, to recover possession of two mules and a Jersey cow. There was a trial, resulting in a judgment in favor of appellees George Downs, Truman Pitman, and Ben Moffett, and against the other appellee, John Smith, for the recovery of the mules and the Jersey cow; and from that judgment appellant prosecutes this appeal.

Appellant complains of the action of the court in refusing to instruct the jury, as requested by appellant, to return a verdict against appellee John Smith; and also in refusing to submit to the jury by appropriate instructions, requested by appellant, the issue of damages which appellant claimed he had suffered because of the unlawful detention of the property sued for. And appellant complains, further, of the action of the court in directing a verdict for the other appellees Downs, Pitman, and Moffett.

In considering these questions, it is only necessary to set out the case which appellant's evidence tended to establish.

Appellee John Smith was sheriff of Jasper county at the time of the occurrences out of which this action arose. The other appellees, Downs, Pitman, and Moffett, were the agents of the Live Stock Sanitary Board. The appellees were engaged, under chapter 265 of the Laws of 1926, in cattle tick eradication in Jasper county. Appellant had refused to dip his two mules and Jersey cow. The appellees Downs, Pitman, and Moffett, as agents of the Live Stock Sanitary Board, thereupon demanded possession of the stock for the purpose of dipping. Appellant refused to comply with that demand. The next day after such demand, all four appellees appeared on appellant's farm, where he was at work plowing, and without a writ of any character for the possession of the mules and cow, forcibly took possession of them, over appellant's protest. The stock was then taken to Bay Springs, one of the county seats of Jasper county, and there put in a pound, which pound was under the control of appellee Smith, as sheriff of the county. After the stock was so impounded, the other appellees had no further possession or control thereof. The evidence on behalf of appellee Smith tended to show that he had no part whatever in the taking of the stock from the possession of appellant—that the other appellees alone did that.

The Tick Eradication Law (chapter 265, Laws 1926) does not confer upon the Live Stock Sanitary Board, and its officers and agents, the right to seize stock without a proper writ therefor, and dip them for the eradication of the cattle tick; and where stock is so seized, the owner thereof is entitled to damages for the unlawful act. And this is true, notwithstanding such officers and agents have the right to the legal possession of the stock for that purpose. They must resort to the courts to obtain possession, if the owner refuse their demand to deliver up to

them the stock. D'Aquilla v. Anderson, 153 Miss. 549, 120 So. 434.

Appellant was clearly entitled to a directed verdict as against the appellee Smith; and this is true, regardless of whether or not he was an actor with the other appellees in invading appellant's premises, and forcibly taking from him the stock. When the writ of replevin was sued out, the appellee Smith was shown, without any dispute in the evidence, to have been in control and possession of the stock; and his possession was unlawful, whether he had any hand in the taking or not, because the taking and possession of the stock by the other appellees was unlawful. The other appellees, as agents of the Live Stock Sanitary Board, in turning the stock over to appellee Smith, as sheriff of the county, could confer no greater right on him than they possessed. He knew they had gotten possession of the stock unlawfully, and that therefore his possession could have no more semblance of right than theirs.

The court erred in refusing appellant's request for instructions submitting to the jury the question of damages suffered by appellant because of the unlawful taking and detention, or detention, of the stock by appellee Smith. Section 4233, Code of 1906, section 3267, Hemingway's Code of 1927, provides, among other things: "But if the plaintiff has given bond for the property, the judgment shall be that he retain it, and that he recover of the defendant the damages assessed for the wrongful taking and detention, or wrongful detention, as the case may be." D'Aquilla v. Anderson, supra.

Appellant's contention that the court erred in directing a verdict for the other appellees than Smith is without merit. The evidence shows, without conflict, that at the time the writ of replevin was sued out and served, the appellee Smith had exclusive possession and control of the stock. Replevin lies alone against the party in possession at the time the action is begun. McCormick v. McCormick, 40 Miss. 760; Griffin v. Lancaster, 59 Miss. 340; Vaughn v. Huff, 99 Miss. 110, 54 So. 837.

Reversed and remanded.