Cook *v.* Waldrop *et al.*

(Division A.   April 13, 1931.)

[133 So. 894.   No. 29260.]

Davis & Conner, of Columbia, and Collins & Collins, of Laurel, for appellant.

Rawls & Hathorn, of Columbia, for appellee.

868

Argued orally by **C. V. Hathorn**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant brought this action of replevin in the circuit court of Marion county against W. B. Waldrop, sheriff, Warren Rawls, W. E. Warren, Edgar Sluter, and J. P. Morman to recover possession of certain live stock, alleged to have been wrongfully taken from his possession and detained by them. On the trial of the cause, the jury was peremptorily instructed to return a verdict in favor of all the defendants except W. B. Waldrop, and as to him it was instructed to return a verdict in favor of the appellant for the possession of the live stock; and, from a verdict and judgment in favor of appellant for the possession of the live stock and awarding him only nominal damages, a direct appeal was prosecuted by him, and a cross-appeal by Waldrop.

At the time this live stock was taken from the possession of the appellant, the state live stock sanitary board was engaged in the work of tick eradication in Marion county. After service of notice so to do, the appellant refused to carry his stock to the dipping vat and dip them, and thereupon the sheriff and the state live stock inspector had a conference with the appellant, and advised him that, if he persisted in refusing to dip his live stock, they would be taken from him and dipped, and he would be subject to criminal prosecution for his failure to comply with the law in that regard. He then tentatively agreed to dip his stock, but failed to do so;

and thereafter, under the instruction of the state live stock inspector, four range riders and inspectors, the appellees named above other than the sheriff went to the appellant's home for the purpose of taking possession of this stock. All of these range riders testified that they were instructed not to take possession of this stock over the objection or protest of the appellant; that they advised the appellant that they were so instructed, and told him that they would not take them if he objected; and that his reply was, "I will not tell you to take them and I will not tell you not to take them. They are in the pasture." These range riders then took a horse and a mule and certain cows and calves from the appellant's premises and dipped them, and turned them over to the sheriff, the appellee Waldrop. They remained in the possession of the sheriff until the institution of this suit, six days later. The appellant testified that this live stock was taken from his possession over his objection and protest. Other facts bearing upon the amount of damages recovered will be referred to in connection with the discussion of certain assignments of error.

On the cross-appeal, in a very able and exhaustive brief, counsel for the cross-appellant seek to have us overrule the cases of D'Aquilla v. Anderson, 153 Miss. 549, 120 So. 434, and Ainsworth v. Smith et al., 157 Miss. 202, 127 So. 771, in which it was held that the "Tick Eradication Law (Laws 1926, ch. 265), although conferring on officers and agents of Live Stock Sanitary Board the right of legal possession of stock for purpose of dipping them for the eradication of cattle tick, does not authorize a seizure [of such stock] without proper writ therefor."

We have carefully considered this question and the very persuasive brief of counsel, but, in view of the fact that the authorities and argument now presented were carefully considered by the court in the D'Aquilla case on the original hearing thereof, and particularly on the

suggestion of error filed in that cause, and that the doctrine therein announced was again reannounced in the Ainsworth case, we feel constrained to abide by those cases.

The cross-appellant next contends that the doctrine announced in these two cases does not apply to the case at bar, for the reason that the proof shows that demand was made on appellant for the possession of the stock in controversy, for the purpose of inspecting, dipping, and handling them as the law directs, and that the appellant did not refuse the demand, and did not refuse the inspectors the privilege of entering his premises and taking possession of the stock, and that they were taken in the presence of appellant, and without protest on his part; or that, at least, the jury should have been instructed, as requested by the cross-appellant, that a verdict in his favor should be returned if the jury believed from the evidence that the stock was so taken.

The appellant had persistently failed and refused to dip his stock, and had protested throughout against having them dipped. He had been advised by the state live stock inspector and the sheriff that, if he persisted in refusing to dip, his stock could and would be taken from him by these officers, and that he would be subject to probable punishment for crime by fine and imprisonment; and this being true, we do not think his failure to object to, or protest against, the invasion of his premises for the purpose of taking possession of the stock, can be considered as consent to such invasion.

On the direct appeal, several assignments of error are based upon the action of the court in admitting, over the objections of appellant, certain testimony as to whether or not the sheriff was directed to and did handle the stock in accordance with the provisions of the satute, and also testimony with reference to the refusal of the appellant to dip his stock. By the declaration filed in the cause, the appellant sought to recover punitive damages

for the wrongful taking and detention of his stock; and this testimony was admissible upon the question of whether or not there was such willful wrong, fraud, malice or oppression as would entitle him to recover punitive damages.

The appellant next complains of the refusal of an instruction stating the elements of damages recoverable, including attorney's fees, which are recoverable only as an element of punitive damages. Upon the proof in this record, the appellant was not entitled to recover punitive damages, and, consequently, this instruction was properly refused. At the time this property was taken from the possession of the appellant, the D'Aquilla case, supra, had not been decided, and all the parties concerned with the taking and detention of the stock intended no wrong by what they did, but acted in good faith under what they conceived to be their right and duty under the statute; and, consequently, the basis for the allowance of punitive damages did not exist.

The appellant also assigns as error certain instructions granted to the appellee to the effect that there could be no recovery for the loss of the use of the horse and mule, and that, if the jury believed from the evidence that the appellant had suffered no material damages by the detention of the property while in the hands of the sheriff, they might return a verdict for nominal damages.

Upon the proof in this record, we think these instructions were erroneous. For the unlawful detention of the horse and mule, the appellant was entitled to recover the reasonable value of the use thereof for the period of time that he was deprived of their use by reason of the wrongful detention. The horse and mule were actually detained by the sheriff for six days, and the appellant and his witnesses testified, without contradiction, that the reasonable value of the use of a horse or mule in and about the operation of a farm and the cultivation

of the crops thereon is five dollars per day. Upon this testimony, the appellant was entitled to recover for the loss of the use of the horse and mule, but not any amount in excess of the damages claimed in the declaration for such loss.

There was also testimony tending to show that the appellant suffered a loss of the value of a quantity of milk by reason of the detention of his milch cows. He is entitled to recover for all such loss as is shown to have resulted directly from the detention of these cows not to exceed nine dollars and sixty cents, the amount laid in the declaration as such damages. In his declaration, he also claims the sum of twenty-five dollars as the expense of moving his stock back to his home. The uncontradicted proof was that he was compelled to expend fifteen dollars for this purpose, and this item, we think, he should recover.

The appellant secured instructions authorizing the jury to allow damages for all injuries, either temporary or permanent, that resulted to his stock from the unlawful taking and detention thereof. Upon the proof in this record, we do not think any damages are recoverable for any injuries to the stock. The proof offered by the appellant tends strongly to establish that whatever injuries were suffered by this stock resulted from carrying it to the vat and dipping it, and with that the appellee had nothing whatever to do. The statute, section 3098, Code 1930, provides that recovery may be had for damages resulting from a wrongful taking and detention, or a wrongful detention of property, as the case may be; and it was said in the case of Newell v. Newell, 34 Miss. 399: "The damages, in case of a wrongful taking, which in its inquiry might involve many collateral questions of tort and circumstances of aggravation, might be much greater in amount than the damages which could be recovered in a case merely of the wrongful detention of the property." In the case at bar, the damages that may

be recovered from the appellee are limited to those resulting directly from the unlawful detention, as he had nothing to do with the unlawful taking of the property, and is not liable for any injury thereto which occurred before it was delivered to him. If it be conceded that there is some evidence tending to show that the stock suffered some injury while it was in the appellant's possession, there was no evidence whatever which would have enabled the jury to separate such damages from the damages resulting from injuries received by the stock before they came into appellee's possession, or that could have been of the slightest assistance to the jury in arriving at the amount of the damage, if any, that was inflicted while the stock was in the appellee's possession; consequently, no such damages were properly recoverable upon this record.

The appellant also assigns as error the action of the court in directing a verdict for all the appellees except the sheriff Waldrop. There is no merit in this assignment. Adopting (with the change of name only) the language of the court upon this point in the case of Ainsworth v. Smith, supra: "The evidence shows, without conflict, that at the time the writ of replevin was sued out and served, the appellee, Waldrop, had exclusive possession and control of the stock. Replevin lies alone against the party in possession at the time the action is begun."

The court below committed no error in directing a verdict for the appellant for the possession of the property, and the judgment awarding possession thereof to him will be affirmed; but, for the errors indicated above , the judgment of the court below will be reversed in so far as it awarded only nominal damages, and the cause will be remanded for assessment of damages only.

Affirmed in part and reversed in part.