AINSWORTH, et al. *v.* BLAKENEY

No. 40601          December 16, 1957          98 So. 2d 880

*Wells, Thomas & Wells, Charles Clark,* Jackson, for appellants.

*Russell & Little*, Magee, for appellee.

APPELLANTS IN REPLY.

HALL, J.

On September 9, 1952, Martin B. Strickland, Jr., purchased an International tractor from Taylorsville Equipment Company for a total purchase price of $4,368, and executed to the company a title retention note for the sum of $2,287.92 representing a balance due on the purchase price, which was payable in monthly installments of

$95.33 per month due on the 15th day of each month thereafter for a period of 24 months, which was assigned by Taylorsville Equipment Company to International Harvester Company, and which was in turn assigned by that company to International Harvester Credit Corporation. On December 15, 1952, Strickland was in default in the payment of his monthly installments and he executed a bill of sale for said tractor to Mrs. Catherine Blakeney, which bill of sale provided that the same was subject to the conditional sale note against the tractor. On that date the husband of the grantee paid the sum of $187.78, which represented the amount then due.

On March 24, 1954, J. C. Bass. a collector for International Harvester Credit Corporation, went to see Strickland to collect other payments which were in default and Strickland was unable to pay the same and gave to Bass a written agreement transferring and surrendering the said tractor to International Harvester Credit Corporation, which fully authorized the corporation to repossess the tractor and to sell the same at public or private sale without notice. J. B. Ainsworth was present at the time the repossession agreement was executed by Strickland and Strickland told Bass that the tractor was in possession of Mrs. Blakeney. They drove to the Blakeney home and found no one there. This was in the afternoon. That night Bass went to Ainsworth's home and asked Ainsworth to go with him to repossess the tractor and they returned to the Blakeney home at about 8 or 9 P. M. on the same date and still found no one there but the tractor was parked by the side of the road and Bass cranked the tractor and left with it, Ainsworth driving Bass' car. They went by Ainsworth's home which is situated in Smith County where the Blakeneys lived, and Ainsworth told Bass that he could not take care of the tractor at his home but would have to put it in his garage at Bay Springs in Jasper County, so Bass drove the tractor on into Jasper County and stored it for the night in Ains-

worth's garage. Incidentally, Ainsworth owned and operated a sales agency for International tractors at Bay Springs.

On the following morning Blakeney and his wife came to the sales agency at Bay Springs, having followed the tractor by the imprint of the tracks which it had made along with road, and they demanded possession of the tractor. Ainsworth explained to them that Bass would return that day and requested them to wait until his return, but this they declined to do and Mrs. Blakeney got on the tractor and was about to crank it and drive it away when Mr. Ainsworth removed the coil wire. Thereupon Mr. and Mrs. Blakeney left and later on the same day Mrs. Blakeney filed an affidavit in replevin against Burnham Ainsworth and J. C. Bass in the Circuit Court of Smith County. No writ was issued on this affidavit. On the same day J. C. Bass returned and hired a truck to remove the tractor from Ainsworth's premises and the tractor was carried by this truck to Collier Implement Company and stored at its place of business in Forest, Mississippi.

On April 19, 1954, Mrs. Blakeney made another affidavit in replevin and filed the same with the circuit clerk of Smith County for possession of the tractor, alleging that it was wrongfully detained by Burnham Ainsworth, a resident citizen of Smith County, Mississippi, Hall Lee, a resident citizen of Forrest County, Mississippi, J. C. Bass, a resident citizen of Forrest County, Mississippi, and Collier Implement Company, a corporation domiciled at Forest in Scott County, Mississippi. A writ of replevin was issued on this affidavit and was served on Collier Implement Company in Scott County on the same day and the tractor was released to Mrs. Blakeney upon a bond of $2,000 with Arthur Blakeney, J. D. Blakeney and W. M. Coursey, as sureties, since which time the tractor has been in her possession. The International Harvester Credit Corporation intervened and filed a motion to transfer the case from the Circuit Court of Smith County

to either Jasper or Forrest County, challenging the jurisdiction of the Circuit Court of Smith County. This motion was overruled on December 20, 1954.

The plaintiff filed a declaration which followed the allegations of the affidavit in replevin and also claimed damages in the amount of $250 for attorney's fees and in the amount of $300 for her loss of time and expenses incurred in locating the property and preparing the case for trial. Pleas of not guilty were filed by Burnham Ainsworth, J. C. Bass, Hall Lee and Collier Implement Company.

The case finally came on for trial and was submitted to a jury which returned a verdict that the plaintiff Catherine Blakeney retain possession of the tractor in question and which allowed her damages for loss of time in the amount of $150 and attorney's fees in the amount of $150, and judgment was entered accordingly, after which separate motions for a new trial were filed by the several defendants and the same were overruled by the court, with the exception that the court granted a peremptory instruction as to Hall Lee, there having been no evidence whatever that he was in any way connected with the transaction. From the judgment entered all of the other defendants appealed.

Section 2843, Code of 1942, provides that the action of replevin may be instituted in the circuit court of a county in which the defendant or one of several, or the property, or some of it, may be found. The record shows without dispute that at the time of the institution of this suit Burnham Ainsworth did not have possession of or claim any interest whatsoever in the tractor. The most that the evidence shows is that he had been a mere temporary bailee of the tractor for a small portion of two days; that he was not claiming any right of possession and had nothing to do with sending it away from his place of business located at Bay Springs in Jasper County, and that it was simply stored at this place of business

overnight. The appellee bases her entire claim of venue in Smith County upon the fact that Burnham Ainsworth lived a short distance from Bay Springs over across the line in Smith County. The tractor was in possession of Collier Implement Company in Scott County at the time the suit was filed and the writ of replevin sued out and served.

In the case of Ainsworth v. Smith, 157 Miss. 202, (206), 127 So. 771, we said: "Appellant's contention that the court erred in directing a verdict for the other appellees than Smith is without merit. The evidence shows, without conflict, that at the time the writ of replevin was sued out and served, the appellee Smith had exclusive possession and control of the stock. Replevin lies along against the party in possession at the time the action is begun. McCormick v. McCormick, 40 Miss. 760; Griffin v. Lancaster, 59 Miss. 340; Vaughn v. Huff, 99 Miss. 110, 54 So. 837."

In the case of Cook v. Waldrop, 160 Miss. 862 (873), 133 So. 894, we cited Ainsworth v. Smith, supra, and said: "The appellant also assigns as error the action of the court in directing a verdict for all the appellees except the sheriff Waldrop. There is no merit in this assignment. Adopting (with the change of name only) the language of the court upon this point in the case of Ainsworth v. Smith, supra: 'The evidence shows, without conflict, that at the time the writ of replevin was sued out and served, the appellee, Waldrop, had exclusive possession and control of the stock. Replevin lies alone against the party in possession at the time the action is begun.' "

Since Burnham Ainsworth was not in possession of the property or claiming the right of possession thereto, and since the property at the time of suing out the writ of replevin was in the sole possession of Collier Implement Company in Scott County, we think that Ainsworth was not a proper party.

■■ According to the record in this case the motion for a change of venue or to transfer the case to either Scott County or Forrest County was filed only by International Harvester Credit Corporation as intervenor. No motion was filed by Bass. Collier Implement Company is a corporation and under our general statute on circuit court venue, Section 1433, Code of 1942, a corporation is not entitled to file a motion for a change of venue. This Court so held in the case of Plummer-Lewis Co. v. Francher, 111 Miss. 656, (657, 658), 71 So. 907, that a corporation is denied the right to have the venue changed to the county of its residence or domicile—a right accorded to natural citizens. In the case of Morrimac Veneer Co. v. McCalip, 129 Miss. 671, (683), 92 So. 817, the court cited and followed Plummer-Lewis Co. v. Francher, supra, and pointed out further that in the general venue statute the legislature made provision for individuals but not for corporations. And in the case of Nicholson v. G. M. & N. R. Co., 177 Miss. 844 (853), 172 So. 306, the Court again referred to Plummer-Lewis Co. v. Francher, supra, and again said that the right to a change of venue is not given to a corporation. In view of these authorities we are of the opinion that the circuit court was correct in refusing to change the venue on the sole motion of the International Harvester Credit Corporation. We have already referred to the provisions of our replevin statute, Section 2843, Code of 1942. In the case of Fitzgerald v. Williams, 136 Miss. 250, 256, 101 So. 370, in construing Section 4216, Code of 1906, which is the same as Section 2843, Code of 1942, we held: "This venue is jurisdictional and may not be waived as in an action in personam". In the case of King v. Ainsworth, 83 So. 2d 97, (not yet reported in the State Reports), we held that the question of venue is waived where a party makes no objection to the jurisdiction of the court and files no application for a change of venue.

■■ ■ It is true that at the conclusion of plaintiff's evidence, J. C. Bass, Burnham Ainsworth and Collier Implement Company made a motion to exclude the evidence offered by the plaintiff and to direct a verdict for said defendants on the ground that the court lacked venue jurisdiction. Under our said general venue statute, Section 1433, Code of 1942, it is specifically required that an application for change of venue must be filed before the jury is empanelled.

In the absence of timely objection by the defendants to the venue of Smith County, we think the question was not before the court and that the trial court committed no error in retaining the venue in Smith County.

■■ ■ Mrs. Catherine Blakeney testified that she thought the payments on the tractor had been completed but she admitted that she did not know how the payments were made. Her husband testified that he made various payments, most of which were by check, but he was unable to give the dates of payments and he did not bring any of the cancelled checks with him to court. In fact, by a subpoena duces tecum, the Bank of Raleigh, on which he said the checks were drawn, was requested to bring to court photostat copies of all checks written and issued by Mrs. Catherine Blakeney or her husband and payable to International Harvester Company between the dates of November 15, 1953, and April 19, 1954. In response to this subpoena the Bank produced and filed copies of only two checks, one being dated November 13, 1953, for $95.-33, signed by J. D. Blakeney, and the other being for the same amount issued January 6, 1954, and signed by J. D. Blakeney. No other checks or copies of checks were produced in evidence, and neither Mrs. Blakeney nor her husband gave any evidence whatsoever as to the time, place, method and manner of payment except the two checks above mentioned. The original note was introduced in evidence and it shows numerous credits posted on the back thereof, but it also shows nine payments of

$95.33 each not having been made. We think that the case of Garrett v. Pigford, 218 Miss. 840 (844-846), 67 So. 2d 885, is particularly applicable to this situation, in which we said: "It is well settled that the burden of proving payment is upon him who asserts it. Greenburg v. Saul, 91 Miss. 410, 45 So. 569; Stewart v. Graham, 93 Miss. 251, 46 So. 245. * * * In Rosenberger v. Simons, 185 N. Y. S. 317-318, the court said: 'Aside from the checks, and the admitted cash payments, there is no evidence of payment. The general statements of payment have no probative value whatsoever.' In view of the above authorities we hold that the bare statement of appellant that he has paid what he owed on the notes, with no evidence whatsoever as to the time, place, method and manner of payment, is insufficient to create an issue for the jury on the question of payment where the original note in question is still in possession of its owner * * *."

Under the above authority, payment of the note in question not having been established by competent proof, the appellee had no valid title to the tractor in question and was therefore not entitled to the immediate possession of the property claimed. We held to this effect in the case of Erwin v. Potts, 216 Miss. 593 (597-598), 63 So. 2d 50, where we said:

" 'In order to maintain a replevin action, the plaintiff must, at the time of the institution of the suit, be entitled to the immediate possession of the property claimed. He must recover on the strength of his own right of possession, and not on the weakness of that of his adversary. Unless he shows such title or right to possession, the defendant, even though without title or right of possession, will not be compelled to deliver the property.' 46 Am. Jur. p. 16, Replevin, par. 25.

"It is well settled that replevin is a possessory action, and that the plaintiff in replevin must be able to show his right to the immediate possession of the property.

Buck v. Payne, 52 Miss. 271; Herrington v. Stimpson Computing Scale Co., 159 Miss. 416, 131 So. 878; Tatum v. Sciscoe, 189 Miss. 803, 199 So. 70.''

We are of the opinion that the appellee did not meet the burden which the law places upon her of establishing her right to the immediate possession of the property, and that for the reasons stated the case should not have been submitted to the jury and that the lower court erred in not granting the several requested peremptory instructions.

■■ ■ From what we have said it is apparent that the judgment of the lower court must be reversed and a judgment here entered in favor of the appellants denying recovery of the tractor and also denying the recovery of damages which the jury awarded under the instructions of the court. In the case of Thornton v. Gardner, 134 Miss. 485, (491), 99 So. 131, we held that where there is no evidence from which the jury might infer fraud, malice, oppression, or willful wrong, then no attorney's fee is recoverable. And in Taylor v. Morton, 61 Miss. 24 (27), we also held that a plaintiff in a replevin suit is not entitled to recover the value of his time lost in prosecuting his claim and that he is not entitled to recover an attorney's fee unless there was a willful wrong, akin to fraud, oppression or malice, and the lower court was therefore in error in instructing the jury on the subject of the attorney's fee and time lost by the plaintiffs. The instruction in question authorized the recovery of both attorney's fees and damages for lost time and inconvenience if the plaintiff was entitled to the possession of the tractor regardless of whether or not there was any fraud, malice, oppression or willful wrong, and is clearly erroneous.

The record here is very indefinite as to the value of the tractor at the time of its seizure and at the time of the trial and we are unable to fix an amount of the judgment to be entered in favor of the appellants.

██ The judgment of the lower court, for the reasons stated, is hereby reversed and judgment will be here entered in favor of the appellants, but the appellee has had the possession and use of the tractor for almost four years, during which time it has in all probability greatly depreciated, and in addition it may have been damaged, and the sureties on the replevin bond given by the appellee are liable, not only for restoration of the tractor and the payment of costs but also for any depreciation and damage which the tractor may have sustained, for determination of which the case will be remanded to the Circuit Court of Smith County. General Contract Corporation v. Leggett, 224 Miss. 262, 79 So. 2d 843, 80 So. 2d 762.

Reversed, judgment here, and remanded.

*Roberds, P. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.